1
2
3
4
5
6
7       **IN THE UNITED STATES DISTRICT COURT**
8       **FOR THE EASTERN DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| 10   DEBRA L. JACKSON, | Case No. 08-cv-0027 AWI TAG |
| 11         Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| 12     vs. | (Doc. 1) |
| 13   JESUS SHACK, INC., CIRCLE OF FRIENDS, et. al., | |
| 14 | |
| 15         Defendants. | |
| _____/ | |

16       On January 4, 2008, Debra L. Jackson ("Plaintiff"), a non-prisoner proceeding in forma

17 pauperis, filed a pro se complaint against defendants Jesus Shack, Inc., Circle of Friends, Dove

18 Corporation, and Campaign for Real Beauty (unless individually stated, the "Defendants").

19 (Docs. 1, 6).  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)

20 and Local Rules 72-302 .

21       Because Plaintiff has been granted leave to proceed in forma pauperis, this Court must

22 "screen" her complaint to determine whether the case should be dismissed because, among other

23 things, it (1) "is frivolous or malicious," or (2) "fails to state a claim on which relief may be

24 granted," or (3) "seeks monetary relief against a defendant who is immune from such relief."

25 28 U.S.C. § 1915(e)(2)(B).

26       A claim is frivolous if it lacks an arguable basis either in law or fact.  Neitzke v. Williams,

27 490 U.S. 319, 324, 109 S.Ct. 1827 (1989).  A frivolous claim is based on an inarguable legal

28                              1

1    conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it

2    is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.

3    Id. Similarly, the court is not required to "accept as true unreasonable inferences or conclusory

4    allegations cast in the form of factual allegations." Trevillion v. Tarantino, 2005 WL 2072098, at *3

5    (N.D. Cal. Aug. 23, 2005). The test for malice is a subjective one that requires the Court to

6    determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co.,

7    236 U.S. 43, 46, 45 S.Ct. 236 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n.1 (11th Cir.

8    1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have

9    used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be

10   malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating

11   claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens

12   violence or contains disrespectful references to the Court, id.; or if it contains untrue material

13   allegations of fact or false statements made with knowledge and an intent to deceive the Court,

14   Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

15           Federal Rule of Civil Procedure 8(a) provides:

16           A pleading that states a claim for relief must contain: (1) a short and plain statement
             of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the
17           claim showing that the pleader is entitled to relief; and (3) a demand for the relief
             sought, which may include relief in the alternative or different types of relief.
18
             A complaint must contain a short and plain statement as required by Fed.R.Civ.P. 8(a)(2).
19
     Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and
20
     state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d
21
     646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts
22
     which the defendants engaged in that support his claims. Id. Although a complaint need not outline
23
     all elements of a claim, it must be possible to infer from the allegations that all elements exist and
24
     that there is entitlement to relief under some viable legal theory. Lewis v. ACB Business Serv., Inc.,
25
     135 F.3d 389, 405-406 (6th Cir. 1998); Walker v. South Cent. Bell Telephone Co., 904 F.2d 275,
26
     277 (5th Cir. 1990).
27

28                                                      2

1    Plaintiff's complaint consists of one page, a letter addressed to the Court that partially

2  discusses facts underlying her complaint, and 22 attachments that purportedly support her

3  allegations.  (Doc. 1).  The gist of the complaint appears to be that Jesus Shack, now known as the

4  Circle of Friends, appropriated her copyrighted material and entered into an agreement with Dove

5  Corporation ("Dove"), whereby Dove would use the material in a sales campaign entitled the

6  Campaign for Real Beauty.  (Doc. 1, p. 2).  Plaintiff seeks unspecified monetary damages.  (Id.).

7    Plaintiff's complaint fails to cite a statute or other ground for federal jurisdiction, as required

8  under Rule 8(a)(1).  Fed.R.Civ.P. 8(a)(1); (Doc. 1).  It is not apparent from the complaint whether

9  Plaintiff is attempting to state a claim for copyright infringement against Jesus Shack n/k/a Circle of

10 Friends and Dove and/or some other basis for relief against the Defendants.  (Doc. 1).

11    The undersigned further finds that the allegations in Plaintiff's complaint are vague and

12 conclusory.  The Court has determined that the complaint does not contain a short and plain

13 statement as required by Fed.R.Civ.P. 8(a)(2).  In addition, Plaintiff has failed to state a claim upon

14 which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  The Court will, however, grant Plaintiff

15 leave to file an amended complaint.

16    Plaintiff is informed that the Court cannot refer to a prior pleading in order to make her

17 amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete

18 in itself without reference to any prior pleading.  This is because, as a  general rule, an amended

19 complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

20 Once a plaintiff files an amended complaint, the original pleading no longer serves any function in

21 the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

22 involvement of each defendant must be sufficiently alleged.

23    In accordance with the above, IT IS HEREBY ORDERED that:

24    1.  Plaintiff' complaint (Doc. 1) is DISMISSED with leave to amend; and

25    3.  Plaintiff is GRANTED thirty (30) days from the date of service of this order to file a

26 first amended complaint that complies with the requirements of the Federal Rules of Civil Procedure

27 and the Local Rules of Practice; the amended complaint must bear the docket number assigned this

28

3

1    case and must be labeled "First Amended Complaint."

2          **Failure to comply with this order will result in a recommendation that this action be**

3    **dismissed.**

4

5

6    IT IS SO ORDERED.

7    Dated:   **April 28, 2008**                                   _____**/s/ Theresa A. Goldner**_____
     _____                                                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                    4