1

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9    DEBRA L. JACKSON,                          Case No. 08-cv-0027 AWI TAG

10                  Plaintiff,                   FINDINGS AND RECOMMENDATIONS
                                                 TO DISMISS AMENDED COMPLAINT
11         vs.                                   WITHOUT PREJUDICE
                                                 (Doc. 8)
12   JESUS SHACK, INC., CIRCLE OF
     FRIENDS, et. al.,

13                  Defendants.

14   _____/

15                          **BACKGROUND**

16         On January 4, 2008, Plaintiff Debra L. Jackson ("Plaintiff"), a non-prisoner proceeding in

17   forma pauperis, filed a <u>pro se</u> civil complaint.  (Docs. 1, 6).  The matter was referred to the

18   Magistrate Judge for screening under 28 U.S.C. § 1915(e)(2)(B), pursuant to 28 U.S.C. § 636(b) and

19   Local Rules 72-302 . On April 28, 2008, the undersigned found that Plaintiff had failed to specify the

20   cause of action she raised and, therefore, it could not be determined whether this Court had

21   jurisdiction to consider the action.  (Doc. 4).  The Court further found that Plaintiff failed to state a

22   claim upon which relief could be granted.  (<u>Id.</u>).  In the April 28, 2008, order, Plaintiff's complaint

23   was dismissed and she was granted thirty days to file an amended complaint.  (<u>Id.</u>).  Plaintiff timely

24   filed an amended complaint on May 28, 2008.  (Doc. 8).  After screening the amended complaint, the

25   Magistrate Judge recommends that it be dismissed for the reasons discussed below.

26         Plaintiff's amended complaint alleges that Jesus Shack, Inc. n/k/a Circle of Friends ("Jesus

27   Shack"), and Dove Corporation ("Dove"), in its Campaign for Real Beauty, are liable for copyright

28                                          1

1     infringement, 17 U.S.C. § 101 et seq. (Doc. 8). Plaintiff claims that she owns a registered copyright

2     of a concept and drawing involving the "five hair colors of the world." Plaintiff states that, in May

3     2005, she provided a folder of her copyrighted work to an individual affiliated with Jesus Shack,

4     hoping that Jesus Shack would disseminate her copyrighted message around the world. (Id.).

5     Plaintiff contends that in October 2005, Dove started utilizing the material in commercials to

6     promote its Campaign for Real Beauty, which Plaintiff had not authorized. According to Plaintiff,

7     there are mysterious ties between Dove and Jesus Shack that have financially benefitted the latter to

8     her detriment.[1] Plaintiff seeks declaratory and injunctive relief and monetary damages from the

9     Defendants for copyright infringement. (Id.).

10     **DISCUSSION**

11        Pursuant to 28 U.S.C. § 1915(e)(2), this Court must "screen" any complaint filed by a party

12     proceeding in forma pauperis to determine whether the case should be dismissed because, among

13     other things, it (1) "is frivolous or malicious," or (2) "fails to state a claim on which relief may be

14     granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28

15     U.S.C. § 1915(e)(2)(B).

16        A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams,

17     490 U.S. 319, 325, 109 S. Ct. 1827 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-1228 (9th Cir.

18     1984). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation.

19     A federal court is not required to "accept as true unreasonable inferences or conclusory allegations

20     cast in the form of factual allegations." Trevillion v. Tarantino, No. C 05-02852, 2005 WL 2072098,

21     at *3 (N.D. Cal. Aug. 23, 2005). The court may dismiss a claim as frivolous if it is based on an

22     indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490

23     U.S. at 325; Franklin, 745 F.2d at 1228. The test for malice is a subjective one that requires the

24     Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock

25

26        [1] Although not named as defendants, Plaintiff further states that several television shows, movies,

    and commercials also are infringing on her copyrighted material by stating, for example, "Who's in your

27     favor[ite] five?" (T-Mobile). (Doc. 8, ¶ 16).

28     2

1 Squab. Co., 236 U.S. 43, 46, 45 S.Ct. 236 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n.1

2 (11th Cir. 1986).  A lack of good faith is most commonly found in repetitive suits filed by plaintiffs

3 who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be

4 inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by

5 relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if

6 it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue

7 material allegations of fact or false statements made with knowledge and an intent to deceive the

8 Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

9      During the screening process, the Court has considered whether Plaintiff complied with

10 Federal Rule of Civil Procedure 8(a), which requires that:

11      A [complaint] shall contain (1) a short and plain statement of the grounds upon which
the court's jurisdiction depends . . . , (2) a short and plain statement of the claim
12      showing that the pleader is entitled to relief, and (3) a demand for judgment for the
relief the pleader seeks.
13
14 Fed.R.Civ.P. 8(a).

15      Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

16 notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev.

17 Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The plaintiff must allege with at least some degree of

18 particularity specific overt acts which the defendant(s) engaged in that support plaintiff's claim.  Id.

19 The Rule 8(a) statement "must simply give the defendant fair notice of what the plaintiff's claim is

20 and the grounds upon which it rests."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct.

21 992 (2002) (citations omitted).  Although a plaintiff need not outline all elements of a claim, it must

22 be possible to infer from the allegations that all elements exist and there is entitlement to relief under

23 some viable legal theory.  Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir.

24 1998).  In reviewing a complaint under this standard, the Court must accept as true the allegations of

25 the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740, 96 S.

26 Ct. 1848 (1976), construe the pro se pleadings liberally in the light most favorable to the plaintiff,

27 Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the plaintiff's favor,

28                                  3

1   Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843 (1969).

2        To state a claim for copyright infringement, the plaintiff must allege 1) that he or she owns a

3   valid copyright in a work, and 2) the defendant copied original elements of the copyrighted work.

4   Feist Publications, Inc. v. Rural Telephone Serv. Co., Inc., 499 U.S. 340, 361, 111 S.Ct. 1282

5   (1991)); Funky Films, Inc. v. Time Warner Entm't Co., 462 F.3d 1072, 1076 (9th Cir. 2006).

6   Ownership is established when the plaintiff's work is original, and the plaintiff is either the author or

7   creator of the work, or an assignee or licensee of the copyright.  17 U.S.C. § 201-205.   Absent direct

8   evidence,  copying may be established by showing the defendant had access to the plaintiff's work

9   and that the two works are "substantially similar."   Three Boys Music Corp. v. Bolton, 212 F. 3d

10  477, 481 (9th Cir. 2000).  A defendant has access to the plaintiff's work when he or she has a

11  "reasonable opportunity" or "reasonable possibility" to view or to copy the plaintiff's work.  Id. at

12  481.  "Access may not be inferred through mere speculation or conjecture" and it requires more than

13  a "bare possibility."  Id.

14       Plaintiff's amended complaint alleges that she owns a copyright for the phrase "The 5 Hair

15  Colors of the World."  The phrase is included on a drawing attached as an exhibit to the complaint.

16  (Doc. 8, p. 10).  The drawing also references "black hair," "red hair," "yellow blond hair," "white

17  gray hair," and "brown hair."   (Id.).  As discussed supra, when screening he complaint, the Court

18  must accept as true the allegations of the amended complaint, construe the complaint liberally and in

19  the light most favorable to Plaintiff, and resolve all doubts in Plaintiff's favor.  Mindful of this

20  authority, the Court concludes that the amended complaint alleges the first element for copyright

21  infringement.

22       Plaintiff's amended complaint alleges that Dove began "using my copyright phrase in their

23  first commercial ... by displaying the five hair colors of the world." (Doc. 8, ¶¶  9, 14).  Plaintiff

24  alleges that Jesus Shack broadcasted a commercial "using the five colors of the world" without her

25  permission.  (Doc. 8, ¶ 10).  Plaintiff alleges that she "spoke with Ms. Pam Finley of the Jesus

26  Shack.  She took a folder of my work and said she would get back to me within a few weeks.

27  Ms. Finley never got back to me."  (Doc. 8, ¶ 13).  Plaintiff also alleges that "Jesus Shack and Dove

28                                          4

1  Corporation mysteriously have ties to one another." Doc. 3, ¶ 15.  Plaintiff also alleges that other

2  broadcasts infringed on her copyright, including a cartoon show and phone and hair product

3  commercials.  For example, the amended complaint alleges that "Dora the Explorer, a kids cartoon ...

4  have now included five ponies for kids using the five hair colors," that  T-Mobile "mentions

5  "[w]ho's in your favor[ite] five" in its commercials, and that "Garnier Fructise ... mentions 'five

6  times stronger'" in its hair product commercials. Doc. 8, ¶ 16.

7        Plaintiff's amended complaint is devoid of facts alleging that Defendants copied original

8  elements of her copyrighted work.  Here, the amended complaint is replete with fanciful, conclusory

9  allegations, and is devoid of facts showing that Defendants copied original elements of Plaintiff's

10  work.  Plaintiff alleges that Jesus Shack utilized her copyrighted material in a commercial "using the

11  five colors of the world."  The "five colors of the world" is not "[t]he five hair colors of the world"

12  that Plaintiff claims to have copyrighted.  Plaintiff's claim against Dove and Campaign for Real

13  Beauty is premised entirely on access, i.e., alleged "mysteriou[s] ties" between Jesus Shack and

14  Dove.  Copying premised on access requires more than speculation, conjecture, or a mere possibility.

15  Allegations of "mysterious ties" are pure speculation and conjecture and do not satisfy the

16  requirement to allege specific overt acts which Defendants engaged in that support Plaintiff's claim.

17                          **CONCLUSION and RECOMMENDATIONS**

18        Plaintiff's amended complaint is based on fanciful, conclusory allegations, and therefore is

19  frivolous.  It also fails to allege facts sufficient to infer a viable claim.  Accordingly, the Court need

20  not consider this matter.  Because Plaintiff already has been provided the opportunity to cure the

21  deficiencies in her initial complaint, without success, the undersigned recommends that:

22        1.  Debra L. Jackson's Amended Complaint (Doc. 8) be DISMISSED WITHOUT

23  PREJUDICE; and

24        2.  The Clerk of this Court be DIRECTED to close this case.

25        These Findings and Recommendations are submitted to the United States District Judge

26  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

27  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

28
                                    5

fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Responses to the objections shall be served and filed within fifteen (15) days after service of the objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 13, 2008**                              _____/s/ Theresa A. Goldner_____
                                                        UNITED STATES MAGISTRATE JUDGE

6